PER CURIAM:
Claimant, Gary Lee Keffer, seeks an award from respondent for property damage sustained by his vehicle in a single-vehicle accident which took place about 9:3- p.m. on July 11, 1992, on West Virginia Route 29/3 in Roane County, at Granny’s Creek.
From the evidence adduced at the hearing on October 8, 1992, it appears that the claimant was operating his vehicle, a 1977 Chevrolet van, on West Virginia Route 29/3, when he crossed over a bridge and his vehicle hit a piece of rebar on the bridge which flattened his tire. The cost of repairing his vehicle is $170.61.
The claimant testified that there was a piece of steel sticking out of a slab on the bridge and that it tore the tire on his van as he drove across the bridge. He stated that he traveled this road frequently during the week and on weekends and that the bridge had been in this defective condition for approximately one year prior to this accident. He had the defective condition reported to the respondent in June of 1992. For the claimant, Elizabeth Ballard testified that in early June, she had called the respondent on behalf of the claimant regarding the condition of the bridge and that she had called the respondent on behalf of the claimant regarding the condition of the bridge and that she had spoken to Clarence Boggs. She stated that Mr. Boggs indicated that he was aware of the condition of the bridge and that he had received a call prior to that time by a man named Mr. Jett regarding the same bridge. She stated that on the night of the incident she was a passenger in the claimant’s van and that there was no way that the claimant could have avoided the damage to the van. She wrote a letter to Mr. Boggs two days after the incident to thank him for repairing the bridge after the incident, but she also informed him that the repairs were not adequate and would not last. The bridge was repaired a second time.
For the respondent, Clarence Boggs, area supervisor for Roane County, employed *213 by the respondent, testified that he is familiar with the road upon which the incident occurred and that the road is a low priority road due to a low amount of traffic. He stated that he did speak with Mrs. Ballard regarding the bridge and that repairs were made in July of 1992 and on August 5, 1992. He stated that he had previous complaints about the bridge possibly in February or March of 1992.
For the respondent, Edward Neil Keffer, Roane County Assistant Supervisor employed by the respondent, testified that he was contacted by Mr. Boggs to inspect the bridge and that he had seen the bridge prior to the incident and that a flood had washed the ends out from under the bridge and that the bridge was on a low priority road. He stated that he had driven across the bridge in a one-ton truck, but indicated that driving in a one-ton truck is different than driving across it in a car or a van.
The Court finds, as a matter of fact, that the respondent did have actual or constructive notice of the defective condition of the bridge. However, this was a low priority road for the respondent to maintain due to the fact that it is not a road that is subject to daily traffic; there are no multiple families driving upon the road on a daily basis; and, it is not considered to be a secondary road. The respondent has a significant duty of care in maintaining primary and secondary roads in this State; however, the Court will not hold the respondent to the dame standard of care in maintaining a road which actually serves as a right of way.
Accordingly, this claim shall be and the same is denied.
Claim disallowed.